**FILED**

**AUG 0 1 2013**



CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 13-30079-RAL |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | ORDER ADOPTING REPORT |
| | * | AND RECOMMENDATION |
| JERYN BIG EAGLE, | * | |
| | * | |
| Defendant. | * | |

Defendant Jeryn Big Eagle ("Big Eagle") was indicted on May 15, 2013, on one count

of Assault with a Dangerous Weapon in violation of 18 U.S.C. §§ 1153, 113(a)(3) and one

count of Assault Resulting in Serious Bodily Injury in violation of 18 U.S.C. §§ 1153,

113(a)(6). Doc. 1. Big Eagle moved to suppress two statements that he made soon after the

alleged assault to two separate tribal law enforcement officers. Doc. 20; Doc. 21. The

Government did not resist the motion to suppress for the first statement, but did resist the

motion to suppress for the second alleged statement. Doc. 22. A suppression hearing was

held on June 26, 2013, before Magistrate Judge Mark Moreno. Tr. 1.[1] Only one witness

testified at the suppression hearing. Tr. 2. On July 12, 2013, Judge Moreno issued his

Report and Recommendation, Doc. 33, recommending that Big Eagle's motion to suppress

be granted in part and denied in part. Doc. 32; Doc. 33.

The charges stem from an alleged assault by Big Eagle upon Joshua Hale ("Hale") in

which Big Eagle allegedly stabbed Hale with a knife. Doc. 1; Doc. 21 at 1. The first

statement Big Eagle moved to suppress was one he made to Cheyenne River Sioux Tribe

---

[1] Any references to the suppression hearing transcript will be "Tr." followed by the page
number or numbers.

Police Officer Brandon Dubris. Doc. 20; Doc. 21 at 1; Tr. 3. Officer Dupris made contact with Big Eagle shortly after the alleged assault, detained him, did not provide him his warnings pursuant to Miranda v. Arizona, 384 U.S. 436 (1966), and asked Big Eagle what had happened. Doc. 21 at 1; Tr.17. Big Eagle provided an incriminating response to Officer Dupris' question. Doc. 21 at 1-2. The Government agreed not to use Big Eagle's statement to Officer Dupris in its case-in-chief, but reserved the right to use the statement for impeachment purposes. Doc. 22 at 3; Tr. 3-4. Thus, Judge Moreno recommended granting Big Eagle's motion to suppress in part by excluding the statement made to Officer Dupris in the Government's case-in-chief, but allowing the Government to use the statement should it so need for impeachment purposes so long as it was voluntary. Doc. 33.

The second statement Big Eagle moved to suppress was one made to Cheyenne River Sioux Tribe Police Officer Alan Jamerson. Doc. 20. Officer Jamerson arrived on the scene after Officer Dupris. Tr. 17-18. Upon Officer Jamerson's arrival, Officer Dupris told him that Big Eagle assaulted Hale, so Officer Jamerson placed Big Eagle in restraints, placed Big Eagle in his patrol car, and then went to check on Hale. Tr. 17-19. After checking on Hale, Officer Jamerson went back to his patrol car and began the drive back to the law enforcement center in Eagle Butte, South Dakota, with Big Eagle in the backseat. Tr. 15-20. Officer Jamerson, like Officer Dupris before him, did not Mirandize Big Eagle. Tr. 19. During the drive, Officer Jamerson testified that he did not speak with Big Eagle at all, let alone ask him questions. Tr. 15-20. Nevertheless, about five minutes into the ride, Big Eagle spontaneously began talking about how Hale had been in a relationship with Big Eagle's sister, that Hale was always assaulting Big Eagle's sister, that Hale had kneed Big Eagle in

2

the nose, and that was the reason Big Eagle fought Hale. Tr. 16-17. Judge Moreno ruled that this statement was admissible because it was not given in violation of <u>Miranda</u>. Doc. 33. Big Eagle did not object to the Report and Recommendation finding that his statement was admissible.

In considering a magistrate judge's recommendation on a dispositive matter, such as a motion to suppress evidence, a district court must make a "de novo determination of those portions of the report or . . . recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court has conducted a de novo review of the record, found no error, and, especially in light of the fact that the defendant does not object to the Report and Recommendation, this Court adopts the Report and Recommendation.

For the foregoing reasons, it is hereby

ORDERED that the Report and Recommendation, Doc. 33, is adopted by this Court. It is further

ORDERED that the Motion to Suppress Evidence, Doc. 20, is granted in part and denied in part.

Dated August 1st, 2013.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE